UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SUSAN SIDEMAN and § | | |
| MARK SIDEMAN § | | |
|    Plaintiffs § | | |
| § | | |
| v. § | CIVIL ACTION NO.: 5:17-CV-23 | |
| § | | |
| FARMERS GROUP, INC., § | | |
|    A Nevada Corporation § | | |
|    Defendant § | JURY DEMANDED | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE FEDERAL DISTRICT JUDGE:

Plaintiffs Susan Sideman and Mark Sideman ("Plaintiffs") bring this action against a Nevada corporation, Farmers Group, Inc., ("FGI" or "Defendant"), and the following allegations are based upon personal knowledge, the investigation of counsel, and information and belief.

### I.   INTRODUCTION

1.  Plaintiffs are seeking damages caused by FGI's unfair and deceptive practices in the business of insurance which are actionable pursuant to Chapter 541, Texas Insurance Code. Through an unfair and deceptive insurance underwriting practice called a "mechanical rewrite," FGI diminished Plaintiffs' metal roof insurance coverage in a new Homeowners Policy never given to Plaintiffs. Plaintiffs sustained actual damages as a result of FGI's conduct when their April 2016 roof damage claim was denied through use of a metal roof exclusion that had never been placed in any policy delivered to Plaintiffs.

### II.   PARTIES

2.  Plaintiffs are individuals residing in Bexar County, Texas.

3. FGI is a Nevada corporation that maintains its principal place of business at 6303 Owensmouth Ave., Woodland Hills, California 91367. FGI describes itself as not being a licensed insurance company, but rather as a company in the business of insurance.

4. Through its Attorney-in-Fact relationship with three California-based reciprocal exchanges, FGI maintains exclusive authority and control over virtually all aspects of Farmers' homeowners' ("HO") insurance business in the State of Texas.

5. In Texas, FGI's control is established through its direct and indirect management of all underwriting functions for HO policies issued by Texas Farmers Insurance Company ("TFIC"), a Texas insurer licensed by the Texas Department of Insurance ("TDI"). These underwriting functions controlled by FGI include, but are not limited to: "product design" (i.e., the creation and implementation of different HO insurance policy types, endorsements, exclusions and policy regimes); issuance and delivery of HO policies to TFIC policyholders; and managing the Farmers agents who sell TFIC HO policies throughout the State.

6. FGI is the "control" company of the "Farmers Insurance Group of Companies," which includes TFIC, and thus manages, controls and directs the underwriting activities of TFIC as described above. For these services, FGI receives a percentage of policy premiums paid on all TFIC policies, including the HO policies sold to Plaintiffs over the years.

7. Defendant Farmers Group, Inc. may be cited and served with process by Certified Mail, Return Receipt Requested in c/o Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III.   JURISDICTION AND VENUE

8. This Court has original jurisdiction in this case due to the undisputed complete diversity of citizenship between the parties. 28 U.S.C. §1332(a). Venue is proper in the Federal

Western District of Texas--San Antonio Division. Many of the acts and actionable conduct of the Defendant occurred in this District. Plaintiffs reside in this District and Division and the property is located here as well.

## IV.     NATURE OF THE CASE; RELIEF SOUGHT

9.     Plaintiffs seek monetary relief over $100,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## V.     BACKGROUND FACTS—PLAINTIFF'S HO POLICIES

10.     Plaintiffs own a home and personal property located at 1776 Nacogdoches Road, San Antonio, Texas 78209.  For many years, Plaintiffs (and their home and personal property) were selected by FGI to become policyholders of Texas Farmers Insurance Company ["TFIC"] with their property to be covered by a Farmers Texas Family HO policy ["TFHP"] of insurance, numbered 94056-57-41, issued by FGI through TFIC. Prior to the end of each policy period, FGI notified Plaintiffs that their TFHP policy would be renewed and would disclose the amount of the premium to effectuate the renewal.

11.     On or about June 4, 2013, FGI sent Plaintiffs a 39-page document notifying them that their TFHP POLICY was being "non-renewed" at the end of its policy period,  and that a new TFIC Farmers Next Generation HO Policy, Number 96912-19-03 was being offered in its place.

12.     The new TFIC Farmers Next Generation HO Policy, Number 96912-19-03 was not included in the 39-page document, nor, to this day, has it ever been delivered to Plaintiffs.

13.     FGI sent an almost identical 37-page packet to Plaintiffs' long-time Farmers agent, Michael Woods, which likewise did not include a copy of the new Next Generation HO policy, nor did it include a copy of TX-184, an "Exclusion Of Marring of Metal roof Materials" that had been included as the 25th page in the 39-page packet sent to Plaintiffs.

14. Although the 39-page "packet" sent to Plaintiffs **did not include** a copy of the new Next Generation HO Policy, FGI falsely represented to Plaintiffs that it did.

15. FGI compounded its deception by making further written misrepresentations in the packet:

> "If you have any questions, please contact your Farmers agent listed on the Declarations page of your policy. Your agent will be happy to review your policy and coverages with you." [Packet Page 5].

> "If you have any questions regarding the changes made to your policy or any other insurance matter, please contact me." ("Me" referred to Michael Woods, Plaintiffs' Farmers Agent) [Packet Page 8].

> "Enclosed in this package of materials you will find your new Farmers Next Generation Homeowners Policy (Next Generation policy) being offered. [Packet Page 19].

> \*   \*   \*

> "You are encouraged to and should take the time to review the items and conditions of the Next Generation policy. [Packet Page 19].

> \*   \*   \*

> Attached is a Summary Policy comparison which briefly summarizes some but not all of the differences between the TFHP and the Next Generation policies. If you have any questions about the differences…please contact your Farmers agent, who will be happy to assist you." [Packet Page 19].

16. For comparison purposes, FGI knew the importance of including the Next Generation policy in the packet—otherwise no real comparison to the "summary" could be made:

> "Please review the policy forms and endorsements for details. The policy contract takes precedence over this summary comparison." [Packet Page 20].

17. FGI further obfuscated the diminished hail storm coverage from the previous TFHP policy by indicating an "X" in the "comparison boxes" on the third line from the top on Packet

4

Page 22 -- indicating that the coverage for the "peril" described [hail] was the same for both policies.

18. Without having been provided with the new Next Generation policy, and relying on FGI's misleading statements and omissions, Plaintiffs paid the premium for the Next Generation policy with the expectation that the previous metal roof coverage for hail damage remained undiminished and unchanged from the coverage provided in the TFHP policy in effect prior to July 27, 2013.

### VI.   BACKGROUND FACTS—HAIL DAMAGE CLAIM FILED

19. On April 11, 2016 Plaintiffs' home and personal property sustained extensive damage from a hail storm striking the Alamo Heights area of San Antonio.

20. By May 4, 2016, Plaintiffs had promptly notified their Farmers Agent of their loss, and had notified Farmers Claims Department on Farmers' toll-free number.

21. Farmers Adjuster Sarah Perry brought a roofer to Plaintiffs' house on May 15, 2016 to note all the damage and make a report.

22. On May 16, 2016, Adjuster Perry called Susan Sideman and informed her that Perry had not seen a "marring exclusion" in the Farmers policy, but that her Supervisor, Michelle Pachecko, had "found it" -- and Farmers was denying the claim based on that "exclusion."

23. Susan Sideman immediately called Mike Woods, the Farmers agent, who told her that "he too had just learned of the exclusion from the adjuster" and that "the same thing had happened to one of his other customers."

24. Adjuster Perry called again on May 24, 2016, telling Susan Sideman that she had returned to South Carolina and "was no longer active on the claim" but was sending "a claim outcome letter" denying Plaintiffs' claim for the roof damage.

25. A few days later, Plaintiffs received the "claim outcome letter" denying their claim for the hail storm damages to their metal roof. The letter stated in part:

> As we discussed on May 16, 2016, you currently have an exclusion for marring to your metal roof. Unfortunately, there is no coverage for this portion of your claim based upon the facts known to us at the present time.
>
> This exclusion is being investigated by our coverage department at this time. You will be informed as soon as a coverage decision is determined.

26. Next, Plaintiffs received a call from Jenine Hebren with Farmers Claims who told Susan Sideman that "Farmers lawyers had reviewed the policy and were comfortable with their decision to deny the claim for roof damage."

## VII. BACKGROUND FACTS—FGI MISREPRESENTS MARRING EXCLUSION TO TDI

27. On September 29, 2011 FGI caused a letter to be sent to the Commissioner of Insurance at TDI seeking approval for an endorsement labeled Exclusion of Marring of Metal Roof Materials to be added to "our existing Next Generation Homeowners products." At that time, Plaintiffs were not policyholders of any Next Generation Homeowners product issued by FGI, or any of its affiliates. Instead, Plaintiffs had their homeowners' coverage through a TFHP policy, number 94056-57-41, issued by FGI to Plaintiffs through TFIC.

28. FGI made the following representations to TDI in an attempt to gain TDI approval of its proposed "Marring" Exclusion:

> "This endorsement will be placed onto new business policies, or existing customers who have a non metal roof and switch to a metal roof, as of the effective date of this project, which is March 1, 2012."
>
> "This form will not attach to any existing policies with metal roofs. However if an existing customer with a metal roof changes the type of metal roof that they have after the implementation of these forms, for example, going from a copper roof to a sheet metal roof, then this form will also be placed on those policies."

29.     TDI approved FGI's proposed "marring exclusion" for Next Generation HO products on January 10, 2012.

30.     As applied to Plaintiffs, FGI's 2011 statements made to TDI were false—and caused the denial of Plaintiffs' hail damage roof claim in 2016.

Plaintiffs, as existing Farmers Family HO Policyholders on March 1, 2012, *were not* "new business";

Plaintiffs *were not* existing customers who had a non metal roof and switched to a metal roof as of March 1, 2012;

Plaintiffs *had a metal roof covered under an existing Farmers Family HO policy* on September 29, 2011; and,

Plaintiffs *were not* an existing customer with one type of a metal roof who switched to another type of metal roof "after the implementation of these forms."

31.     Although FGI never issued or provided a Next Generation policy to Plaintiffs that contained a "marring" exclusion, FGI used the Marring Exclusion to deny Plaintiffs' 2016 roof damage claim.

32.     Plaintiffs have performed all conditions precedent to their recovery of the relief sought and have given timely notice to FGI.

### VIII.   VIOLATIONS OF CHAP. 541—TEXAS INSURANCE CODE

33.     Plaintiffs re-allege the foregoing paragraphs.

34.     FGI's representations, acts and/or omissions alleged above in ¶¶ 14-17 violate §§541.052 & 541.061(1); (2) and/or (3), Texas Insurance Code as being untrue, deceptive and/or misleading.

35.     FGI's representations, acts and/or omissions alleged above in ¶¶ 28 & 30 violate §541.052 & 541.061(1); (2) and/or (3), Texas Insurance Code as being untrue, deceptive and/or misleading.

36. As a result of FGI's representations, acts and/or omissions as alleged above, Plaintiffs had no reason, in the exercise of reasonable diligence, to discover prior to April 11, 2016 (the date of the hail storm) that FGI's representations, acts and/or omissions had occurred. Accordingly, Plaintiffs are excused from the requirement of §541.162, Texas Insurance Code that Plaintiffs' causes of action alleged herein be brought before the second anniversary of the date FGI's representations, acts and/or omissions originally occurred. See §541.162(2), Texas Insurance Code.

### IX.   PLAINTIFFS' CAUSE OF ACTION FOR DAMAGES CAUSED BY FGI

37. Plaintiffs are "persons" under §541.161, Texas Insurance Code, who have sustained actual damages. They are bringing an action against FGI, another "person," engaging in unfair or deceptive acts or practices in the business as alleged herein, who caused the actual damages Plaintiffs have sustained.

38. Pursuant to §541.152, Texas Insurance Code, Plaintiffs seek actual, special, and consequential damages caused by FGI's representations, acts and/or omissions that violate the provisions of Chapter 541 of the Texas Insurance Code as alleged herein.

39. Plaintiffs also seek reasonable attorneys' fees; additional damages as may be allowed after a finding of "knowingly" by the trier of fact, and such other and further relief to which Plaintiffs may show themselves justly entitled.

### X.   JURY DEMAND

40. Plaintiffs request that a jury be convened to try the factual issues in this action.

Respectfully submitted,

*/s/ Marc Gravely*

_____
MARC E. GRAVELY
State Bar No. 00787582
mgravely@gplawfirm.com
JONATHAN C. LISENBY
State Bar No. 24072889
jlisenby@gplawfirm.com
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110

AND

JOE K. LONGLEY
State Bar No. 00787582
3305 Northland Drive, Suite 500
Austin, Texas 78731
Telephone:  (512) 477-4444
Facsimile:  (512-477-4470
joe@joelongley.com

**ATTORNEYS FOR PLAINTIFFS**